**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Case No:

Lynk Media LLC,

                    Plaintiff,

          v.

America's Real Voice LLC,                    JURY TRIAL DEMAND

                    Defendant.

---

**COMPLAINT**

---

Plaintiff Lynk Media LLC ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant America's Real Voice LLC ("*Defendant*") states and alleges as follows:

**<u>INTRODUCTION</u>**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.      Oliya Fedun ("*Fedun*"), professionally known as "Scootercaster," is an accomplished Ukrainian-American video journalist, producer, and documentary filmmaker based in New York City. As the founder of FreedomNews.TV (FNTV), a respected newswire service, she has produced and licensed original news and documentary footage relied upon by major media organizations worldwide. Fedun has reported on significant national and international events, including the COVID-19 pandemic, civil unrest, immigration issues, the January 6 Capitol attack, and the war in Ukraine. Her work has been published extensively in domestic and international media and is recognized for its unique access, historical significance, and compelling visual

1

storytelling

3.        Fedun created a Video of an ICE agent in a truck addressing a journalist (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4.        Defendant is a media company that operates the Real America's Voice television network and the news platform AmericasVoice.news, which serves as a central hub for the company's news reporting, video programming, livestreams, podcasts, subscriptions, advertising, and audience engagement. Through AmericasVoice.news, the company distributes original content, promotes its broadcasts, attracts viewers and advertisers, and generates revenue by expanding audience reach, increasing user traffic, and supporting its broader digital and television media operations. In addition to its website, Defendant distributes and promotes its content through its social media channels, including Real America's Voice accounts on YouTube, Instagram, X, Facebook, and other social media platforms, which are used to expand audience reach, drive traffic to AmericasVoice.news, increase viewer engagement, and support Defendant's advertising, subscription, sponsorship, and other revenue-generating activities

5.        Defendant owns and operates a social media account on Instagram known as realamericasvoice ("*Account 1*").

6.        Defendant owns and operates a social media account on Facebook known as America's Voice News ("*Account 2*").

7.        Defendant owns and operates a social media account on YouTube known as RealAmericasVoice ("*Account 3*"). (Hereinafter the social media platforms set forth above are collectively referred to as the *"Accounts"*).

8.        Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Video on the Accounts and engaged in this misconduct knowingly and in violation of the United States copyright laws.

2

**PARTIES**

9.      Plaintiff is a New York limited liability company and maintains its principal place of business in Queens County, New York.

10.      Defendant is a Delaware limited liability company with a principal place of business at 13276 East Fremont Place, Centennial in Arapahoe County, Colorado.

**JURISDICTION AND VENUE**

11.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Colorado.

13.      Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A.      Plaintiff's Copyright Ownership**

14.      Plaintiff is a professional Videography company by trade who is the legal and rightful owner of certain Videos which Plaintiff commercially licenses.

15.      Plaintiff has invested significant time and money in building Plaintiff's Video portfolio.

16.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's Videos while many others are the subject of pending copyright applications.

17.      Plaintiff's Videos are original, creative works in which Plaintiff owns protectable copyright interests.

18.      Plaintiff regularly licenses Plaintiff's videos to media outlets, brands, and commercial entities for a fee.

19.      On January 18, 2026, Fedun first published the Video. A screengrab of the

3

Video is attached hereto as <u>Exhibit 1</u>.

20.    In creating the Video, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

21.    On February 11, 2026, the Video was registered by the USCO under Registration No. PA 2-583-408.

22.    Fedun created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

23.    Plaintiff acquired the rights in and to the Video by way of a valid written transfer agreement.

**B.    <u>Defendant's Infringing Activity</u>**

24.    Defendant is the registered owner of Accounts and is responsible for its content.

25.    Defendant is the operator of the Accounts and is responsible for its content.

26.    The Accounts are part of and used to advance Defendant's commercial enterprise.

27.    Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that video recordings used in their posts have been properly licensed.

28.    Upon information and belief, Defendant knew or should have known that the Video was protected by copyright, including because the Video was of professional quality and distributed through commercial channels. Despite this, Defendant used the Video without seeking permission or obtaining a license.

29.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach,

capabilities, and level of sophistication.

30.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

31.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

32.     On or about January 19, 2026, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video on Account 1 as part of an on-line post at URL: https://www.instagram.com/reels/DTqjSadCYiq/ ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 is attached hereto as Exhibit 2.

33.     On or about January 19, 2026, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video on Account 2 as part of an on-line post at URL: https://www.facebook.com/reel/4391263627775641 ("*Infringement 2*"). A copy of a screengrab depicting Infringement 2 is attached hereto as Exhibit 2.

34.     On or about January 19, 2026, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video on Account 3 as part of an on-line post at URL: https://www.youtube.com/shorts/oiFMrYg2dlI ("*Infringement 3*"). A copy of a screengrab depicting Infringement 3 is attached hereto as Exhibit 2. (Hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

35.     The Infringements are copies of Plaintiff's original video recording that was directly copied and displayed by Defendant.

36.     Plaintiff first observed the Infringements on January 21, 2026.

37.     Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video.

38.     The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it

5

to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

39.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and displaying video recordings including but not limited to Plaintiff's Video.

40.     Upon information and belief, the Video was willfully and volitionally posted to the Accounts by Defendant.

41.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

42.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

43.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Accounts.

44.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

45.     Upon information and belief, Defendant monitors the content on its Accounts.

46.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

47.     Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its business revenues.

48.     Upon information and belief, a large number of people have viewed the

6

unlawful copies of the Video on the Accounts.

49.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

50.     Defendant's use of the Video harmed the actual market for the Video.

51.     Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

52.     Defendant's unauthorized use usurps the market for licensed uses of the Video and undermines Plaintiff's ability to license his work to other commercial entities.

53.     On May 20, 2026, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

54.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

55.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

56.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57.     The Video is an original, creative work in which Plaintiff owns a valid copyright.

58.     The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

59.     Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to

Defendant.

60.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

61.    Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

62.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority.

63.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

64.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

65.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment

finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: July 1, 2026

**SANDERS LAW GROUP**

By: ___/s/ Craig Sanders_____
Craig Sanders, Esq. (CO Bar 45562)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 144579

*Attorneys for Plaintiff*